UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23539-CIV-SINGHAL

REGINO JOSEPH, an Individual, *et al.*,

    Plaintiffs,

v.

PACESETTER PERSONNELL SERVICE, INC., *et al.*,

    Defendants.

_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss, filed on October 29, 2021 (the "Motion") (DE [40]). Plaintiff filed a Response on December 6, 2021 (DE [45]). Defendants filed a Reply on December 14, 2021 (DE [47]). The Motion is ripe for this Court's consideration.

**I. BACKGROUND**

Plaintiff Joseph and twenty-four co-Plaintiffs (the "Joseph Plaintiffs") bring this "opt-in" nationwide FLSA collective action for overtime and minimum wages. *See* Compl., at 1 (*Joseph* DE [1]). The Joseph Plaintiffs are also opt-in Plaintiffs in *Villarino*, presently before this Court. *See* (*Villarino* DE [223]). On March 19, 2021, this Court entered an Order in the *Villarino* action granting in part and denying in part Plaintiffs' Expedited Motion for Conditional Certification of FLSA Collective Action and to Permit Notice (*Villarino* DE [256]). On September 24, 2021, this Court entered an Order in the *Villarino* action denying Plaintiffs' Renewed Expedited Motion for Conditional Certification of FLSA Collective Action and to Permit Notice (*Villarino* DE [499]). On October 11, 2021, the Joseph Plaintiffs filed a Notice of Withdrawal of Consents to Join in *Villarino*. *See* (*Villarino*

DE [501]). The Joseph Plaintiffs initiated the *Joseph* action four days earlier on October 7, 2021. (*Joseph* DE [1]). Despite the obviously related *Villarino* action, the Joseph Plaintiffs entered "None" in the Related Case(s) section of their Civil Cover Sheet. (*Joseph* DE [1-1]). It was not until Defendants filed their Notice of Related Action on October 14, 2021 that the Court was notified of this relation. (*Joseph* DE [34]).

In this second case before this Court, the Joseph Plaintiffs allege two causes of action: (1) a proposed "opt-in" national collective action for recovery of unpaid overtime wages pursuant to 29 U.S.C. § 216(b), and (2) a proposed "opt-in" national collective action for recovery of unpaid minimum wages pursuant to 29 U.S.C. § 216(b). *See* Compl., at 2 (*Joseph* DE [1]). In *Villarino*, the *Villarino* Plaintiffs brought identical causes of action with respect to these first two counts. *Compare* Compl. ¶ 3 (*Joseph* DE [1]), *with Villarino* Corrected First Amended Compl. ¶ 2 (*Villarino* DE [152]). Both complaints generally allege Defendants failed to pay minimum and overtime wages to unskilled daily ticket workers, charged daily ticket workers for equipment rental and transportation, and did not pay daily ticket workers for time spent waiting on transportation. *See generally* Compl., at 9–18 (*Joseph* DE [1]); Corrected First Amended Compl., at 11–20 (*Villarino* DE [152]). Large portions of the Complaint in the *Joseph* action are cut-and-paste from *Villarino*. *See* (*Joseph* DE [40-3]).

Plaintiffs define their two collectives in this second action as (1) all hourly-paid "daily ticket" general labor employees who worked for Defendant at any time within three years preceding 10/6/2021 up to the present, and (2) all hourly-paid "daily ticket" general labor employees who worked for Defendant at any time within the three years preceding 10/6/2021 up to present, who worked in excess of 40 hours/week in one or more workweeks. *See* Compl. ¶ 110 (*Joseph* DE [1]) The proposed collectives exclude workers

who worked exclusively for Defendants out of any labor hall in Broward County. *Id.* ¶ 111. In *Villarino*, Plaintiffs used identical definitions of their proposed collectives (with dates set at 4/30/2020 instead of 10/6/2021 and no Broward County exclusion). *See* Corrected First Amended Compl. ¶ 116 (*Villarino* DE [152]).

In this Court's 3/19/2021 Order in *Villarino*, this Court rejected Plaintiffs' proposed nationwide collective classes. (*Villarino* DE [256], at 4–10). This Court analyzed whether there were additional potential plaintiffs who were likely to opt in and whether the potential plaintiffs were substantially similar "with respect to their job requirements and with regard to their pay provisions." *Id.* at 4; *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). This Court only found a basis for conditional certification for the Fort Lauderdale area. (*Villarino* DE [256], at 4–11). The certification requirements were not met for employees outside of Fort Lauderdale because Plaintiffs' employee affidavits failed to specifically identify the numbers, interest, and identifiable employees from other locations who would actually join if the action were conditionally certified. *Id.* at 5. And Plaintiffs failed to submit affidavits from employees who worked from other locations, whereas Defendants submitted 23 affidavits from individuals who worked in Defendants' Fort Lauderdale, Miami, Atlanta, and Homestead locations who denied having suffered FLSA violations. *Id.* Second, Plaintiffs' affidavits failed to establish that non-Fort Lauderdale Plaintiffs were substantially similar because the affidavits were largely "carbon copies" and failed to offer specific examples of being charged for work equipment or transportation. *Id.* at 8–9. Additionally, Plaintiffs' affidavits failed to establish with sufficient specificity that the same policy alleged by the Fort Lauderdale employees existed in other offices. *Id.* at 11–12. By contrast, Defendants cited numerous affidavits of executives covering non-Fort Lauderdale locations rebutting Plaintiffs' claims and

suggesting the same policy alleged by Fort Lauderdale employees did not exist in other locations. *Id.* at 9–10. Thus, this Court found Plaintiffs did not meet their burden to show that employees in other locations were similarly situated and denied conditional certification for the non-Fort Lauderdale locations. *Id.* at 12–13.

In this Court's 9/24/2021 Order in *Villarino*, this Court again rejected Plaintiffs' proposed nationwide collective class in their renewed motion for conditional certification. (*Villarino* DE [499]). In this second attempt at conditional certification, Plaintiffs submitted declarations of eight other employees who worked in Miami, West Palm Beach, Tampa, Orlando, Daytona Beach, Georgia, and Texas. (*Villarino* DE [499], at 2). However, this Court found that Plaintiffs had again submitted "carbon copy" forms that differed only in declarants' names, locations worked, transportation utilized, and purported knowledge of other potential plaintiffs. *Id.* Not a single declaration cited a specific example of suffering unpaid overtime or improper equipment charges. *Id.* This Court found the declarations conclusory, without reasonable basis, and entitled to little or no weight. *Id.* (citations omitted). This Court found Plaintiffs failed to show that potential plaintiffs were substantially similar with regard to their job requirements and pay provisions because Plaintiffs failed to produce evidence of a centralized, common policy or practice that countered Defendants' affidavits to the contrary. *Id.* at 3–4. Plaintiffs' declarations stated that use of Pacesetter transportation was mandatory, but failed to identify any policy or decision maker responsible for that policy. *Id.* at 7. The declarations stated that workers were required to return and clean equipment each day, but failed to identify any policy or decision maker responsible for that policy. *Id.* This Court found that Plaintiffs' declarations described situations that differed significantly from Defendants' express policies and procedures. *Id.* Accordingly, this Court held that the substantial factual differences in the

4

declarations precluded a finding of a common scheme or policy at each of Defendants' locations that would support conditional certification of a nationwide class. *Id.* Two weeks later, Plaintiffs filed the instant action. (*Joseph* DE [1]).

## II. LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Defendants generally contend that this Court has already ruled on whether a nationwide collective action can be maintained against Defendant on the same facts and with the same legal theories. *See* Motion, at 7. First, Defendants argue this action constitutes duplicative litigation that must be dismissed. *Id.* at 8–9. Second, Defendants argue this action should be dismissed based on the rule against claims splitting. *Id.* at 9–14. Third, Defendants argue this action should be dismissed under the doctrine of collateral estoppel because Plaintiffs, by filing the instance action, are effectively seeking to circumvent this Court's prior ruling in *Villarino* denying nationwide conditional certification. *Id.* at 14–15. Fourth, Defendants submit that the present action should be dismissed as a blatant attempt at "judge shopping." *Id.* at 15–17.

Plaintiffs, in turn, respond that Defendants' duplicative litigation argument has no application to successive FLSA cases pending before the same judge in the same court. *See* Response, at 7–10. Second, Plaintiffs contend that the rule against claims splitting is not implicated because the claims in this action, based on this Court's ruling in *Villarino*, are entirely outside the claims of the certified collectives in *Villarino*. *Id.* at 10–15. Third, Plaintiffs contend that collateral estoppel is inapplicable here because the issue of nationwide certification was not finally resolved in *Villarino*, the Joseph Plaintiffs' involvement in *Villarino* was limited to opting-in to the nationwide FLSA collective that was ultimately not certified, and the Joseph Plaintiffs were never granted leave to pursue relief individually. *Id.* at 15–16. Finally, Plaintiffs contend that the Joseph Plaintiffs did not engage in "judge shopping" because the Joseph Plaintiffs filed their action in the Miami Division because Plaintiff Joseph worked out of Defendant's Miami labor hall and, in any case, the Joseph Plaintiffs do not have claims in *Villarino*. *Id.* at 17–18.

    a. **Purported Withdrawal from *Villarino***

A plaintiff can voluntarily dismiss an action without court approval by filing a Notice of Dismissal if an adverse party has not filed an answer or motion for summary judgment. *See* FED. R. CIV. P. 41(a)(1)(A)(i). A plaintiff may voluntarily dismiss an action after the adverse party has answered the Complaint if the plaintiff can obtain a stipulation, signed by all parties who have appeared in the action. *See* FED. R. CIV. P. 41(a)(1)(A)(ii). However, if the adverse party has answered the Complaint, and the plaintiff cannot obtain a Stipulation signed by all parties who have appeared in the action, a plaintiff must obtain court approval to dismiss the action. *See* FED. R. CIV. P. 41(a)(2). District courts in the Eleventh Circuit have applied Federal Rule of Civil Procedure 41(a) to FLSA opt-in plaintiffs. *See Serino v. Enhanced Recovery Co., LLC*, 2017 WL 11048878, at *1 n.1 (M.D. Fla. Feb. 9, 2017); *Devries v. Morgan Stanley & Co. LLC*, 2015 WL 6670109, at *3 (S.D. Fla. Oct. 30, 2015) (holding "opt-in plaintiffs are party plaintiffs and are required to comply with Federal Rule of Civil Procedure 41 to withdraw from a case."). And the Eleventh Circuit has found "by referring to [opt-in plaintiffs] as party plaintiff[s] Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Pricket v. DeKalb Cty.*, 349 F.3d 1294, 1297 (11th Cir. 2003).

In *Villarino*, the Joseph Plaintiffs filed their Notice of Withdrawal of Consents to Join on October 11, 2021 (DE [501]), long after Defendants had filed their Answer to the Complaint (DE [197]). Thus, under Rule 41(a), to withdraw from the action, the Joseph Plaintiffs were required to either (i) obtain a stipulation signed by all parties who appeared in the action or (ii) seek court approval to withdraw. The Joseph Plaintiffs did neither.[1] Accordingly, under Rule 41(a), the Joseph Plaintiffs are still party plaintiffs in *Villarino*.

---

[1] The Clerk of Court also notified the Joseph Plaintiffs that they selected the incorrect event and should have selected the motion event. (DE [502]).

### b. Claim Splitting

"The claim-splitting doctrine: (1) requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit, and (2) applies where a second suit has been filed before the first suit has reached a final judgment." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021) (cleaned up). "The doctrine serves to promote judicial economy and shield parties from vexatious and duplicative litigation while empowering the district court to manage its docket." *Id.* (cleaned up). To determine whether a party has improperly split its claims among lawsuits, a court must determine (1) whether the case involves the same parties and their privies, and (2) whether the separate cases arise from the same transaction or series of transactions. *Id.* (citing *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841–42 (11th Cir. 2017)). Successive actions arise from the same transaction or series of transactions if they are based on the same nucleus of operative facts. *Id.*

To determine whether a particular grouping of facts constitutes a transaction or series of transactions, the Eleventh Circuit applies the "transactional test" from the Restatement (Second) of Judgments § 24. The definitive question is "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Vanover*, 857 F.3d at 842 (citing *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 396 (5th Cir. 2004)). A successive action will only be permitted where it "raises new and independent claims, not part of the previous transaction, based on the new facts." *Vanover*, 857 F.3d at 842 (citing *Hatch v. Boulder Town Council*, 472 F.3d 1142, 1150 (10th Cir. 2006)).

First, the Joseph Plaintiffs are presently party plaintiffs in *Villarino*. Thus, it is

indisputable that the Joseph Plaintiffs are the same parties in the present action and in the *Villarino* action. Second, the separate cases clearly arise from the same transaction and are based on a common nucleus of operative facts. Both actions are brought against the same defendants and make identical FLSA allegations. And, both actions generally allege Defendants failed to pay minimum and overtime wages to unskilled daily ticket workers, charged daily ticket workers for equipment rental and transportation, and did not pay daily ticket workers for time spent waiting on transportation. *Compare* Compl., at 9–18 (*Joseph* DE [1]), *with* Corrected First Amended Compl., at 11–20 (*Villarino* DE [152]). In fact, large portions of the Complaint in the present action are cut-and-paste from *Villarino*. *See* (*Joseph* DE [40-3]). The Joseph Plaintiffs bring the same first two counts in both actions, *compare* Compl. ¶ 3 (*Joseph* DE [1]), *with* Corrected First Amended Compl. ¶ 2 (*Villarino* DE [152]), and use almost identical definitions of their proposed collectives, *compare* Compl. ¶ 110 (*Joseph* DE [1]), *with* Corrected First Amended Compl. ¶ 116 (*Villarino* DE [152]). In sum, there is simply no question that these two actions arise from the same transaction and are based on a common nucleus of operative facts.

The only material distinction between the first and second action is the fact that the second action carves out the claims of plaintiffs who worked at Defendant's Fort Lauderdale location.[2] The proper course of action for the Joseph Plaintiffs was not to "split up [their] demand and prosecute it by piecemeal" separate actions, *Vanover*, 857 F.3d at 841, but to allege other claims within the original action—either proceeding as individuals or as different collectives. Alternatively, the Joseph Plaintiffs could have properly

---

[2] Differences in legal theories or causes of action between the two separate actions is immaterial for claims splitting purposes because the inquiry is whether the two actions "arise out of the same transactional nucleus of facts, and involve substantially the same evidence . . ." *Vanover v. NCO Fin. Sys., Inc.*, 2015 WL 13540996, at *4 (M.D. Fla. Oct. 28, 2015); *see Khan v. H & R Block E. Enters., Inc.*, 2011 WL 3269440, at *7 (S.D. Fla.) (finding differences in "the law under which the violations are alleged" in each action inapplicable for claims splitting purposes).

withdrawn from *Villarino* by satisfying the requirements of Rule 41(a).  Yet they did neither.  And the fact that the Joseph Plaintiffs filed this second action and will necessarily seek conditional certification of a nationwide FLSA collective against Defendants—an argument this Court twice rejected in *Villarino*—leaves this Court with the impression that the Joseph Plaintiffs filed this second action with the hope of obtaining a more favorable tribunal.  Nevertheless, the Court need not determine whether Plaintiffs engaged in "judge-shopping," as Defendants argue, because this action is barred by the doctrine of claim preclusion for the reasons discussed above.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (DE [40]) is **GRANTED**. This Cause is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 16th day of June 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF