UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23539-CIV-SINGHAL

REGINO JOSEPH, an Individual, *et al.*,

    Plaintiffs,

v.

PACESETTER PERSONNELL SERVICE,
INC., *et al.*,

    Defendants.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Rule 60 Motion to Correct Error Contained in Order of Dismissal (DE [50]) (the "Motion"). Defendants filed a Response in Opposition (DE [51]) ("Defs.' Opp.") and Plaintiffs filed a Reply in support of their Motion (DE [52]). The Motion is ripe for this Court's consideration and, for the reasons discussed below, denied.

### I.    BACKGROUND

On June 16, 2022, this Court granted Defendants' Motion to Dismiss and dismissed the instant action with prejudice. *See* (DE [49] at 10). The Court reasoned that Plaintiffs were precluded from bringing claims in this Action where Plaintiffs were still party plaintiffs in a related Action, *Shane Villarino v. Pacesetter Personnel Service, Inc., et al.*, No. 1:20-cv-60192 (S.D. Fla. 2020) (the "*Villarino* Action"). On March 1, 2023, nearly eight months following this Court's Order, Plaintiffs filed a Rule 60(a) Motion to correct what Plaintiffs characterize as a "clerical error" – namely, the Court's dismissal of this action **with prejudice**. Plaintiffs contend that the Court inadvertently dismissed this action with prejudice. *See* (Motion (DE [50] at 1–2)). Because Plaintiffs remained as

party plaintiffs in the *Villarino* Action, Plaintiffs argue, the Court must have intended to dismiss this cause without prejudice and, as such, the dismissal with prejudice is clerical error. *See id.* Defendants counter that Plaintiffs' Motion is an attempted end-run around this Court's ruling and constitutes Plaintiffs' <u>fourth</u> attempt at a collective action. *See* (Defs.' Opp. (DE [51] at 1)). As such, Defendants maintain, Plaintiffs' Motion seeks substantive relief which cannot be granted by a Rule 60(a) Motion and, if granted, would prejudice Defendants. *See id.* at 1–4.

## II. <u>DISCUSSION</u>

### A. <u>The Court's Dismissal With Prejudice Is No Clerical Error</u>

The Court dismissed this action with prejudice for the reasons stated within its Order. *See generally* (DE [49]). First, the Court held that the doctrine of claim splitting precluded Plaintiffs from proceeding with their claims in this action because (i) Plaintiffs were party plaintiffs in the *Villarino* Action as of the date of this Court's Order; and (ii) the *Villarino* Action and this action arose from the same transaction and were based on a common nucleus of operative fact. *See id.* at 8–9. Second, without concluding, the Court noted that Plaintiffs may have filed this case in the hopes of obtaining a favorable decision after the Court twice rejected Plaintiffs' Motion for conditional certification in the *Villarino* Action. The Order specifically noted that Plaintiffs filed this action in a separate division of the same judicial district and neglected to reference the *Villarino* action as a related matter in their Civil Cover Sheet. *See id.* Accordingly, the Court finds no clerical error to correct and Plaintiffs' Motion (DE [50]) is **DENIED**.

### B. <u>Plaintiffs' Motion Seeks Improper Substantive Relief</u>

To the extent Plaintiffs question this Court's dismissal with prejudice, their Rule 60(a) Motion is the improper vehicle for such substantive relief. If Plaintiffs were so

convinced that this Court's dismissal with prejudice constituted clerical error, they could have promptly filed the 60(a) Motion upon the closing of this case on June 17, 2022. If Plaintiffs were dissatisfied with this Court's ruling, they could have moved for reconsideration under Rule 60(b) or Rule 59(e). Alternatively, as is more common, Plaintiffs could have appealed the Court's Order. Instead, Plaintiffs did nothing until this Court granted summary judgment against Plaintiffs on February 28, 2023 in the *Villarino* Action. *See Villarino* Action (DE [690]). Indeed, Plaintiffs remained as party plaintiffs in the *Villarino* Action as of the date of the Summary Judgment ruling, months after the Court dismissed this case with prejudice. Then, on March 1, 2023, the day after this Court granted Summary Judgment in favor of Defendants in *Villarino*, the Plaintiffs filed their 60(a) Motion in this case and sought another bite at the apple. A 60(a) Motion, however, is an improper means of securing substantive relief. *See Reaves v. Tucker*, No. 10-14046-CIV, 2012 WL 13041431, at *2 (S.D. Fla. Feb. 23, 2012), at *5 (finding that a Motion for Relief from Judgment or Order Pursuant to Rule 60(a) was "not the appropriate vehicle" to raise a substantive issue). Nevertheless, for the reasons discussed above, the Motion is denied.

  **ORDERED AND ADJUDGED** that Plaintiffs' Rule 60 Motion to Correct Error Contained in Order of Dismissal (DE [50]) is **DENIED**.

  **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 4th day of October 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF